```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

TRACY LYNNE BREECH              :
BROUSSARD,                      :
                                :
     Plaintiff,                 :
                                :
vs.                             :     CIVIL ACTION 16-0149-CG-M
                                :
CITIMORTGAGE INC, and           :
PENNYMAC CORP.,                 :
                                :
     Defendants.
```

REPORT AND RECOMMENDATION

Defendant, PennyMac Corporation's, Motion to Dismiss and Incorporated Brief in Support thereof (doc. 4) under Federal Rules of Civil Procedure 8 and 12(b)(6) was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court. Plaintiff, proceeding *pro se,* has filed a response (doc. 10) to which Defendant has replied (doc. 11). After careful consideration of the record, it is recommended that the motion to dismiss be granted as to PennyMac as to Count II (TILA violations and wire fraud) and denied as to Count I (wrongful foreclosure and fraud). It is further recommended that Plaintiff file an amended complaint curing the deficiencies addressed herein at paragraph II, **not later than August 22, 2016.**

FACTUAL AND PROCEDURAL BACKGROUND

In 2007, the Vera and Leo Dean (hereinafter "Dean") mortgaged their home by executing a note and mortgage with First Residential for the amount of $127,000.00. (Doc. 4 at 1; Doc. 10 at 1). As part of the mortgage process, an appraiser did an appraisal of the Dean residence and improperly described the property as "Parcel 2A of the Walter Sherles 'Estate Division' containing 12.35 acres, more or less, as per plat thereof dated May 29, 1996, prepared by Cecil Clyde Turner, Registered Land Surveyor, Alabama No. 9229, and recorded in Plat Book 4, at page 76 in the Office of the Judge of Probate of Washington County, Alabama" (Doc. 4-5) (hereinafter the "Sherles Estate"). This property description was then included in the Dean Mortgage. In 2008, Vera Dean died. (Doc. 10 at 2). In 2010, First Residential transferred the Dean Mortgage to CitiMortgage, Inc. (hereinafter "CitiMortgage"). (Doc. 4 at 2; Doc. 10 at 2). In December, 2010, CitiMortgage published a Notice of Foreclosure of the Dean Mortgage in the Washington County News, which Plaintiff read. (Doc. 1 at 3). The notice included the Sherles Estate (Plaintiff's property) as being part of the property being foreclosed upon. *Id.* Realizing the error, Plaintiff contacted the law firm handling the foreclosure sale, made a payment to

2

prevent the foreclosure, and thereafter, began her efforts to have the property description corrected so as to exclude the Sherles Property. *Id*. The Dean Mortage was later assigned to PennyMac, Inc. (hereinafter "PennyMac"). (Doc. 4 at 2).

In 2014, Defendant, PennyMac, filed a state court action in Washington County, Alabama to "reform the Mortgage to reflect the correct legal description of the Property to protect its interest in the Property." (Doc. 4 at 2; Doc. 4-5). Plaintiff failed to answer the state court action and a default judgment was entered on behalf of PennyMac on April 14, 2015. (Doc. 4 at 3;Doc. 4-7). Following the entry of default, Plaintiff appeared in the state court action, asked the Court to reconsider its ruling, and, thereafter, on January 14, 2016, a modified default judgemnt order was entered in that action. (Doc. 4 at 3; Doc. 4-9). On April 15, 2016, PennyMac foreclosed on the property at issue in the state court action. (Doc. 4 at 7-8; Doc. 4-10.)

Plaintiff filed her Complaint in this Court on April 7, 2016, against Defendants, PennyMac Corp. and CitiMortgage Inc. (Doc. 1). Therein, Plaintiff stated that she was the "deed holder to Township 3 North, Range 1 West, Section 20 Part 24 of the Sherles Estate (the "Sherles

3

Property"), (ref. Deed Book 381 at page 284)" and that Defendant improperly included said property into the Dean Mortgage.  (*Id*. at 2).  As a result, Plaintiff has brought this action against Defendants for "Wrongful Foreclosure and Fraud (Count I), in violation of the Truth in Lending Act, 15 U.S.C. 551601 and Wire Fraud (Count II)." *Id*. PennyMac filed the subject Motion to Dismiss on April 28, 2016, based on *res judicata* and for failure to state a claim. (Doc. 4).

STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must first satisfy the pleading requirements of Rule 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  While Rule 8 establishes a regime of "notice pleading," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), it does not eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action.  "At a minimum, notice pleading requires that a complaint contain inferential allegations

4

from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2). The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009). In addition, there must be a pleading of facts. Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555,

5

557, 127 S. Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951.

When considering whether a complaint states a claim for relief, the Court "should assume, on a case-by-case basis, that well pleaded factual allegations are true and then determine whether they plausibly give rise to an

6

entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

## DISCUSSION

I.  Res Judicata

"Res judicata, or claim preclusion, bars a party from relitigating a cause of action that was, or could have been, raised in a previous suit between the parties that resulted in a final judgment on the merits." *Sherrod v. School Bd. of Palm Beach County*, 2008 WL 926400, *1 (11th Cir. Apr. 7, 2008)(citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)). "In the Eleventh Circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir.2001).

Defendant contends that Plaintiff's claims for violation of TILA and for wire fraud (Count II) are barred because she failed to raise those causes of action as compulsory counterclaims during the state court action.  A compulsory counterclaim may be barred by the doctrine of

*res judicata* if the counterclaim was not brought in the initial action. *See Daniel v. General Motors Acceptance Corp.*, 2008 WL 3876764 *6 (M.D. Ala. 2008). Alabama law governs whether claims were compulsory counterclaims in the earlier action. *See Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir.1985). Alabama's compulsory counterclaim rule requires that a pleading "state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Ala.R.Civ.P. 13(a). A counterclaim is barred if "the original claim and the counterclaim arose out of the same aggregate core of operative facts." *Brooks v. Peoples National Bank of Huntsville,* 414 So.2d 917, 919 (Ala.1982). "To determine whether the claims arise from the same core of operative facts, a court should ask if 'the facts taken as a whole serve as the basis for both claims' or whether 'the sum total of facts upon which the original claim rests creates legal rights in a party which would otherwise remain dormant.' *Daniel,* 2008 WL 3876764, *6. (*quoting Ex parte Cincinnati,* 806 So.2d at 380 (Ala.2001)) (quoting Ex parte Canal Ins. Co., 534 So.2d 582, 584 (Ala.1988)).

In the present action, a court of competent jurisdiction entered a final decision in an action involving Plaintiff and Defendant in this action.  Further, this case revolves around the same transaction that was at issue in the state court action, namely, the execution and validity of the Dean Mortgage.  As a result, this Court finds that the present action relies on the same operative facts as the underlying state court action.  Plaintiff could have and should have asserted the alleged TILA violation stemming from said mortgage and her claim for wire fraud relating to the subject mortgage in the state court action when PennyMac sought to reform the mortgage in order to solidify its interest in the mortgaged property.  Because she did not, Plaintiff's claims are barred by *res judicata* and due to be dismissed.[1]

II.  Failure to State a Claim

---

[1] Although Pennymac did not address the wrongful foreclosure claim in its Motion to Dismiss, it appears, based on the facts before this Court, that this claim may not have arisen until after the previous state court action had been adjudicated and, therefore, may not be barred. See *Sherrod,* 2008 WL 926400, *1 (*citing Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1357 (11th Cir.1998)("The preclusion of claims that 'could have been brought' does not include claims that arose after the original complaint was filed in the prior action, unless the plaintiff actually asserted the claim in an amended pleading, but *res judicata* does not bar the claim simply because the plaintiff elected not to amend his complaint."). *See also Selman v. CitiMortgage*, 2013 WL 838193, *7 (S.D.Ala. March 5, 2013)(a claim for wrongful foreclosure does not arise until a foreclosure has taken place.) This Court also reads Plaintiff's Complaint to associate the fraud claim with the recent foreclosure and, as such, is not inclined to find that Plaintiff's fraud claim is barred at this time.

9

PennyMac argues that Plaintiff's claims are additionally due to be dismissed because they fail to state a claim upon which relief could be granted. (Doc. 1 at 6-7). First, for the reasons stated herein above, Count II (TILA violations and wire fraud) of Plaintiff's Complaint is barred. However, assuming arguendo that these claims were not barred, they would still be subject to dismissal for failure to state a claim upon which relief could be granted. Other than stating in a conclusory fashion that Defendants were liable for the alleged causes of action, Plaintiff failed to state any facts setting forth the grounds for those causes of action and, as it is written, the Complaint does not meet the pleading requirements set forth herein above.

Second, while PennyMac's motion does not specifically make any argument for failure to state a claim with regard to Plaintiff's wrongful foreclosure and fraud claims (Count I), in reviewing the Complaint, this Court finds it necessary to address Count I. In order for Plaintiff to state a plausible cause of action for wrongful foreclosure, she must assert facts that show that "a mortgagee use[d] the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgager." *Wallace v. Suntrust Mortgage Inc.*, 974 F.Supp. 2d. 1358,

10

1363-64 (S.D. Ala. 2013)(quoting *Jackson v. Wells Fargo Bank, N.A.*, 90 So.3d 168, 171 (Ala.2012).  At the time Plaintiff's Complaint was filed, no foreclosure sale had taken place.  Thus, Plaintiff's Complaint does not properly state a claim for wrongful foreclosure i.e., that a foreclosure had taken place or that said foreclosure was for a purpose other than to secure a debt and, in its current form, is subject to dismissal.  This Court understands Plaintiff's Complaint, however, to assert that the then upcoming foreclosure would be wrongful because it would result in the foreclosure of a Plaintiff's property for which no debt was owed to PennyMac.  Because there is no dispute that a foreclosure has now taken place, it is recommended that Plaintiff file an amended complaint.[2]  "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)(per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).  *See also Watkins v. Hudson*, 560 Fed. App'x 908, 911 n. 2 (11th Cir. 2014) (explaining that *Wagner*

---

[2] Plaintiff's Complaint additionally requests that this Court suspend all foreclosure proceedings on the Dean Mortgage.  (Doc. 1 at 3).  However, because it is evident that the foreclosure has already taken place, Plaintiff's request is Moot.

11

overruled *Hudson* with respect to plaintiffs who are represented by counsel). Given that Plaintiff is *pro se*, it is recommended that Plaintiff file an amended complaint which sets forth the necessary facts to state a viable claim for wrongful foreclosure.

With regard to the fraud claim, "[i]t has been established that Rule 9(b) is satisfied if the complaint sets forth the following: '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir.2002) (citations omitted); *see also Hill v. Morehouse Medical Assocs., Inc.*, 2003 WL 22019936, *3 (11th Cir. Aug. 15, 2003) ("plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them."). In other words, "to avoid dismissal, a complaint alleging fraud must plead the 'who, what, when,

12

where and how' of the alleged fraud." *Hay v. Bank of America*, 2013 WL 1339729, *12 (N.D.Ga.March 29, 2013).

As it is pled, Plaintiff's Complaint fails to set forth the necessary facts as to when, what, where, or how PennyMac committed fraud. However, it is recommended that Plaintiff be allowed an opportunity to file an amended complaint consistent with the pleading requirements for fraud, as set forth above.

## CONCLUSION

For the reasons herein above, it is recommended that the motion to dismiss be granted as to PennyMac as to Count II (TILA violations and wire fraud) and denied as to Count I (wrongful foreclosure and fraud).  It is further recommended that Plaintiff file an amended complaint curing the deficiencies addressed herein at paragraph II, **not later than August 22, 2016**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c).  The parties should

note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this 8th day of August, 2016.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE