IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TRACY LYNN BREECH
BROUSSARD,

    Plaintiff,

vs.                         CIVIL ACTION 16-149-CG-M

CITIMORTGAGE, INC., and
PENNYMAC CORP.,

    Defendants.

## REPORT AND RECOMMENDATION

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 20) and Brief in Support thereof (Doc. 21) under Federal Rules of Civil Procedure 8 and 12(b)(6) was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court. Plaintiff, proceeding *pro se,* has not filed a response, the deadline for filing a response having passed on September 6, 2016. (*See* Doc. 22). After careful consideration of the record, it is recommended that the motion to dismiss be granted as to all counts.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Vera and Leo Dean (hereinafter "Dean") mortgaged their home by executing a note and mortgage with First Residential for the amount of $127,000.00. (Doc. 4 at 1; Doc. 10 at 1). As part of the mortgage process, an

appraiser did an appraisal of the Dean residence and improperly described the property as "Parcel 2A of the Walter Sherles 'Estate Division' containing 12.35 acres, more or less, as per plat thereof dated May 29, 1996, prepared by Cecil Clyde Turner, Registered Land Surveyor, Alabama No. 9229, and recorded in Plat Book 4, at page 76 in the Office of the Judge of Probate of Washington County, Alabama" (Doc. 4-5) (hereinafter the "Sherles Estate"). This property description was then included in the Dean Mortgage. In 2008, Vera Dean died. (Doc. 10 at 2). In 2010, First Residential transferred the Dean Mortgage to CitiMortgage. (Doc. 4 at 2; Doc. 10 at 2). In December, 2010, CitiMortgage published a Notice of Foreclosure of the Dean Mortgage in the Washington County News, which Plaintiff read. (Doc. 1 at 3). The notice included the Sherles Estate (Plaintiff's property) as being part of the property being foreclosed upon. *Id*. Realizing the error, Plaintiff contacted the law firm handling the foreclosure sale, made a payment to prevent the foreclosure, and, thereafter, began her efforts to have the property description corrected so as to exclude the Sherles Property. *Id*. The Dean Mortage was later assigned to PennyMac. (Doc. 4 at 2).

In 2014, Defendant, PennyMac, filed a state court action in Washington County, Alabama to "reform the Mortgage to reflect the correct legal description of the Property to protect its interest in the Property." (Doc. 4 at 2; Doc. 4-5). Plaintiff failed to answer the state court action and a default judgment was entered on behalf of PennyMac on April 14, 2015. (Doc. 4 at 3; Doc. 4-7). Following the entry of default, Plaintiff appeared in the state court action, asked the Court to reconsider its ruling, and, thereafter, on January 14, 2016, a modified final order was entered in that action. (Doc. 4 at 3; Doc. 4-9). On April 15, 2016, PennyMac foreclosed on the property at issue in the state court action. (Doc. 4 at 7-8; Doc. 4-10.)

Plaintiff filed her Complaint in this Court on April 7, 2016, against Defendants, PennyMac Corp. (hereinafter "PennyMac") and CitiMortgage Inc. (hereinafter "CitiMortgage"). (Doc. 1). Therein, Plaintiff stated that she was the "deed holder to Township 3 North, Range 1 West, Section 20 Part 24 of the Sherles Estate (the "Sherles Property"), (ref. Deed Book 381 at page 284)" and that Defendant improperly included said property into the Dean Mortgage. (*Id*. at 2). As a result, Plaintiff has brought this action against Defendants for "Wrongful Foreclosure

3

and Fraud (Count I), in violation of the Truth in Lending Act, 15 U.S.C. §§1601 and Wire Fraud (Count II)." *Id.* CitiMortgage filed the subject Motion to Dismiss and Brief in Support on August 18, 2016, arguing that Plaintiff failed to meet the pleading requirements of Rules 8(a) and 12(b)(6) and that CitiMortgage was not involved in the April 2016 foreclosure. (Docs. 20, 21).

STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must first satisfy the pleading requirements of Rule 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). While Rule 8 establishes a regime of "notice pleading," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), it does not eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action. "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal

4

theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2). The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009). In addition, there must be a pleading of facts. Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id.* That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951.

When considering whether a complaint states a claim for relief, the Court "should assume, on a case-by-case basis, that well pleaded factual allegations are true and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

## DISCUSSION

CitiMortgage argues that Plaintiff's claims are due to be dismissed because they fail to state a claim upon which relief could be granted. (Doc. 1 at 6-7). CitiMortgage, separating out the double counts of the Complaint (*see* Doc. 1 at 2), addresses Plaintiff's claims as four separate causes of action: wrongful foreclosure, fraud, violation of the Truth in Lending Act (TILA), and wire fraud. (Doc. 21 at 1).

A. WRONGFUL FORECLOSURE

In order for Plaintiff to state a plausible cause of action for wrongful foreclosure, she must assert facts that show that "a mortgagee use[d] the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgager." *Wallace v. Suntrust Mortgage Inc.*, 974 F.Supp. 2d. 1358, 1363-64 (S.D. Ala. 2013)(*quoting Jackson v. Wells Fargo Bank, N.A.*, 90 So.3d 168, 171 (Ala.2012). At the time Plaintiff's Complaint was filed, no foreclosure sale had taken place. Thus, Plaintiff's Complaint does not properly state a claim for wrongful foreclosure, i.e., that a foreclosure had taken place or that said foreclosure was for a purpose other than to secure a debt and is subject to dismissal. It is undisputed that a foreclosure has now taken place. However, CitiMortgage was not involved in the

7

April 2016 mortgage, which was executed by PennyMac. (Doc. 4-10 at 5). It is undisputed that CitiMortgage no longer had any interest in the subject property at the time of the foreclosure, having assigned any previous interest to PennyMac. (*See* Doc. 1 at 3). Consequently, Plaintiff cannot plead a crucial element of the cause of action, that Defendant used a power of sale under a mortgage. *See Wallace*, 974 F.Supp. 2d. at 1363-64. Since a material element of the claim cannot be pleaded, Plaintiff's wrongful foreclosure claim necessarily fails. *See Mack v. City of High Springs*, 486 Fed. App'x 3, 6 (11th Cir. 2012) ("To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.")

B. FRAUD

With regard to the fraud claim, "[i]t has been established that Rule 9(b) is satisfied if the complaint sets forth the following: '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they

misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir.2002) (citations omitted); *see also Hill v. Morehouse Medical Assocs., Inc.*, 2003 WL 22019936, *3 (11th Cir. Aug. 15, 2003) ("plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them."). In other words, "to avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud." *Hay v. Bank of America*, 2013 WL 1339729, *12 (N.D.Ga.March 29, 2013). Plaintiff's Complaint fails to set forth the necessary facts as to when, what, where, or how CitiMortgage committed fraud. Additionally, CitiMortgage was not responsible for executing the mortgage (when the subject property was inadvertently included) or for executing the foreclosure. (Doc. 4 at 1; Doc. 4-10 at 5). Thus, it is not plausible that Plaintiff would be able to plead any gain that Defendant obtained as a consequence of the alleged fraud, an essential element of the cause of action. (*See United States ex rel. Clausen*, 290 F.3d at 1310).

Thus, Plaintiff's complaint necessarily fails under the heightened Rule 9(b) standard. (*See id.*).

C. VIOLATION OF THE TRUTH IN LENDING ACT

In pleading violations of the TILA, Plaintiff states only that Defendant acted "in violation of the Truth in Lending Act, 15 U.S.C. §§1601." (Doc. 1 at 2). Title 15, Section 1601 of the United States Code is an introductory section giving which concerns only Congressional findings and the purpose of the Act without imposing any requirements on lenders. The Court construes the pleadings of the *pro se* Plaintiff liberally, but cannot identify an adequately pled cause of action concerning any other part of the Act. TILA concerns the disclosure requirements imposed on lenders, which in the case of a mortgage overwhelmingly deal with closing. *See* 15 U.S.C. §§ 1601-1666; 12 C.F.R. § 1026. Again, CitiMortgage was not responsible for executing the mortgage, as it obtained its interest in the subject property through an assignment. (Doc. 4 at 1; Doc. 4-10 at 5). Since Plaintiff has not pled a cause of action under TILA, this claim is due to be dismissed. *See Mack*, 486 Fed. App'x at 6.

D. WIRE FRAUD

Pleading wire fraud requires allegations that the Defendant "(1) intentionally participate[d] in a scheme to

defraud another of money or property and (2) use[d] or 'cause[d]' the use of the mails or wires for the purpose of executing the scheme or artifice." *Frederick v. Serv. Experts Heating & Air Conditioning, LLC*, 2016 WL 3753160, at *4 (N.D. Ala. July 14, 2016). "A scheme to defraud requires proof of material misrepresentations, or the omission or concealment of material facts, reasonably calculated to deceive persons of ordinary prudence." *Id. quoting United States v. Hasson*, 333 F.3d 1264, 1270-71 (11th Cir. 2003) (internal citations omitted). In this case, the scheme at issue is the alleged wrongful foreclosure. *See* Doc. 1 at 3. However, CitiMortgage was not the party responsible for executing the mortgage (when the subject property was inadvertently included) or for executing the foreclosure. (Doc. 4 at 1; Doc. 4-10 at 5). Thus, Plaintiff cannot plead that CitiMortgage participated in the alleged scheme and an essential element of the cause of action fails. *See Frederick*, 2016 WL 3753160, at *4. Since a material element of the claim is lacking, Plaintiff's wire fraud claim cannot survive the motion to dismiss. *See Mack*, 486 Fed. App'x at 6.

All of Plaintiff's claims are subject to dismissal for failure to state a claim upon which relief could be granted. Other than stating in a conclusory fashion that

Defendants were liable for the alleged causes of action, Plaintiff failed to state any facts setting forth the grounds for those causes of action and, as it is written, the Complaint does not meet the pleading requirements set forth herein above. "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)(per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). *See also Watkins v. Hudson*, 560 Fed. App'x 908, 911 n. 2 (11th Cir. 2014) (explaining that *Wagner* overruled *Hudson* with respect to plaintiffs who are represented by counsel). However, "if a more carefully drafted complaint could not state a claim," dismissal is proper. *Id. citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In this case, it is not plausible that a more carefully crafted complaint could state a claim as to CitiMortgage. Additionally, the Court notes that Plaintiff has not filed any response in opposition to CitiMortgage's Motion to Dismiss, as ordered by the Court. (*See* Doc. 22) Accordingly, it is recommended that leave to amend the complaint not be given to Plaintiff as to Defendant CitiMortgage Inc.

## CONCLUSION

For the reasons herein above, it is recommended that the motion to dismiss be granted as to all counts and Defendant CitiMortage Inc. be dismissed without prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 22nd day of September, 2016.

                                <u>s/BERT W. MILLING, JR.</u>
                                UNITED STATES MAGISTRATE JUDGE